**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.1:23-cv-11315-AK

JEROME I. PLATT,

    Plaintiff,

v.

CITY OF BOSTON, and Boston Police Department Officers PAULMICHAEL BERTOCCHI, KEVIN BUTCHER, SERGIO MEDRANO, and KIRK MAXWELL,

    Defendants.

## PROTECTIVE ORDER

1. With respect to the documents produced through discovery, the party producing such documents may identify such documents as containing Confidential Information. Documents containing such Confidential Information shall be clearly marked "CONFIDENTIAL" on each page for which confidentiality as to some or all of the information is claimed. To the extent only certain material on a given page is confidential, the producing party shall designate such portions of documents as Confidential Information by also producing copies of such documents with relevant redactions. Any party may challenge any other party's designation of specific information in a document as Confidential Information upon motion to the Court. Upon a challenge, the party claiming confidentiality has the burden of establishing confidentiality and that disclosure would be harmful to legitimate privacy interests. Until the Court rules on such motion, the party challenging the designation shall treat it as Confidential Information as provided in this Protective Order.

2. For the purposes of this case, Confidential Information shall include information that is sensitive information generally unavailable to the public, not readily determinable from other sources, and treated as confidential by the producing party by reasons of privacy rights. Confidential Information shall include, but is not limited to: CORI information, personnel and employment files, any and all medical records and/or medical bills, any records relating to any financial and/or medical history, and any records relating to disciplinary history. Notwithstanding the foregoing, documents that would be produced in response to a public records request or are otherwise publicly available shall not be designated Confidential.

3. As to the Confidential Information produced or revealed pursuant to Paragraphs 1 and 2, the parties and their attorneys may use such Confidential Information only for purposes of this

litigation and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

    (i) The Court under seal pursuant to the Court's granting of a Motion for Impoundment;
    (ii) The parties;
    (iii) Attorneys of record for the parties, including all co-counsel for the plaintiffs and defendants, their investigators, consultants, independent contractors, litigation-support service providers, witnesses, and employees directly assisting said attorneys of record and the parties;
    (iv) Experts for the parties.

4. Each of the persons referred to in Paragraphs 3(ii)-(iv) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

5. Nothing herein shall prevent a party from using or disclosing its own Confidential Information in any manner that such party sees fit.

6. The attorneys for the parties, their investigators, consultants, independent contractors, and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case.

7. Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions. A party may designate portions of deposition testimony as confidential by stating on the record at the deposition that such information is so designated, or by providing the other parties with written notice of confidential designations within thirty (30) days of receipt of the transcript of the deposition.

8. Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial by any party and may be exhibited at trial if necessary by any party. Should a party to whom Confidential Information has been produced wish to use Confidential Information in motion practice, or otherwise provide it to the Court, the Parties will work together in good faith to file a motion to file said Confidential Information under seal in accordance with Local Rule 7.2. Such a motion is not necessary if the Confidential Information will be completely redacted from the relevant filing.

9. The parties and their counsel specifically agree that any claim of privilege, confidentiality, or admissibility into evidence is not waived or otherwise compromised in any way by this Protective Order.

10. Upon final termination of the above-entitled action, including any appeals, whether by verdict, settlement, dismissal, or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees,

deposition witnesses, experts, and others, including stenographers, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall, upon written request of the producing party, be destroyed within 90 days of the written request.

11.  This Order may be modified by further order of this Court upon application to the Court with notice.

12.  The terms of this Order shall apply to Confidential Information provided by non-parties to this action who choose to designate material confidential.

_____
HON. ANGEL KELLEY
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS